15-209-cr
*United States v. Schluter*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand seventeen.

Present:
> JOHN M. WALKER, JR.,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                15-209-cr

MICHAEL DAVID SCHLUTER,

> *Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | FRANK T. PIMENTEL, Assistant United States Attorney, for James P. Kennedy, Jr., Acting United States Attorney, Buffalo, NY |
| For Defendant-Appellant: | JILLIAN S. HARRINGTON, Monroe Township, NJ |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J*.).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael David Schluter ("Schluter") appeals from the judgment of the United States District Court for the Western District of New York convicting him, following a jury trial, of one count each of production of child pornography in violation of 18 U.S.C. §§ 2251(a) and (e); possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2); and transportation of a minor with intent to engage in criminal sexual activity in violation of 18 U.S.C. § 2423(a). Specifically, Schluter contends that the district court improperly admitted evidence and should have granted a mistrial because of comments made during the prosecutor's summation, and that his trial counsel was constitutionally ineffective. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### A. Admission of State Court Plea Colloquy

A district court's decision to admit evidence is reviewed for abuse of discretion. *Old Chief v. United States*, 519 U.S. 172, 174 n.1 (1997); *United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004). We reverse only where there is "manifest error," *United States v. Miller*, 626 F.3d 682, 688 (2d Cir. 2010) (quoting *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010)), *i.e.*, where a decision to admit evidence is arbitrary and irrational, *United States v. Garcia*, 291 F.3d 127, 136 (2d Cir. 2002). We accord such deference because the district court is in a "superior position to assess both the probative value and the prejudicial potential of evidence presented at trial." *United States v. Royer*, 549 F.3d 886, 901 (2d Cir. 2008).

Schluter contends that the district court improperly admitted a portion of his state court plea colloquy during which he admitted to sexual involvement with the victim in this case.

2

Schluter argues that the plea colloquy was both irrelevant and unduly prejudicial under Federal Rule of Evidence 403. Both contentions are meritless.

First, the plea colloquy was clearly relevant. "Possession of child pornography by itself shares a connection or similarity with pedophilia." *United States v. Brand*, 467 F.3d 179, 198 (2d Cir. 2006). Thus, Schluter's admission that he was sexually involved with the victim during the relevant time period made it more probable that he produced and possessed pornographic photos of the victim (and was the male depicted in those photos), and that he intended to engage in criminal sexual activity when he transported the victim across state lines.

Second, the plea colloquy was not unduly prejudicial. Schluter claims that the jury likely confused the state charges at issue in the plea colloquy with the federal charges here, yet the portion of the plea colloquy the district court admitted contains no discussion of the state charges or their elements, but rather only concerns conduct, namely Schluter's sexual involvement with the victim. The district court also instructed the jury that Schluter's plea colloquy would not "on its own [be] sufficient to prove the defendant guilty of the crimes charged in this indictment . . . [and] that the defendant is not on trial for any act, conduct or offense not charged in this indictment," Trial Tr. at 365, and "we presume that a jury follows the instructions of the court," *United States v. Batista*, 684 F.3d 333, 342 (2d Cir. 2012). Further, all parties referred to the plea colloquy as a "proceeding," App'x at 31, so it is unlikely that the jury was prejudiced by the fact that the admissions were made in the context of a guilty plea. Accordingly, the district court did not abuse its discretion in determining that any prejudice Schluter suffered was not *unfair*, and that it was, in any event, outweighed by the probative value of the plea colloquy.

3

**B. Denial of Motion for Mistrial**

Schluter also challenges the district court's refusal to grant a mistrial after the prosecutor allegedly misrepresented the evidence by exaggerating Schluter's plea colloquy admissions in his summation. To warrant a reversal of a conviction, a summation comment must not only be improper, but also its impropriety must be "so severe and significant [so] as to have substantially prejudiced" the defendant when "viewed against the entire argument to the jury, and in the context of the entire trial." *United States v. Williams*, 690 F.3d 70, 75 (2d Cir. 2012) (quoting *United States v. Farhane*, 634 F.3d 127, 167 (2d Cir. 2011)). Indeed, it must "so infect[] the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)); *accord Williams*, 690 F.3d at 75. We review the denial of a motion for a mistrial for abuse of discretion. *United States v. Deandrade*, 600 F.3d 115, 118 (2d Cir. 2010).

Here, Schluter has not demonstrated that the prosecutor's exaggeration so severely prejudiced him that the district court abused its discretion in not granting a mistrial. Assuming the comment at issue misstated the evidence, the jury had already heard Schluter's state court admission for itself, and it heard that admission again—at its request—prior to rendering a verdict. Further, the district court promptly issued a curative instruction, reminding the jury that "statements of counsel are not evidence," and, following a sidebar, it directed the jury to "disregard" the comment and "give it no consideration whatsoever." App'x at 32, 33. *See United States v. Batista*, 684 F.3d 333, 342 (2d Cir. 2012) (explaining that the burden of proving prosecutorial misconduct warranting a new trial is "even higher" when the district court "promptly provide[s] the jury with curative instructions"); *United States v. Newton*, 369 F.3d 659, 680 (2d Cir. 2004) ("In assessing whether a defendant has sustained substantial prejudice,

4

we consider the severity of the alleged misconduct, any curative measures taken by the trial court, and the likelihood of conviction absent the challenged conduct."). It was therefore not an abuse of discretion for the district court to determine that the prosecutor's comment did not sufficiently prejudice Schluter to warrant a mistrial.

## C. Ineffective Assistance of Counsel

The Sixth Amendment guarantees "the right to the effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686 (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970)). When an ineffective assistance of counsel claim is raised on direct appeal, the Court can (1) decline to hear the claim and permit it to be raised later pursuant to 28 U.S.C. § 2255; (2) remand the claim for fact-finding; or (3) decide the claim on the existing record. *United States v. Morris*, 350 F.3d 32, 39 (2d Cir. 2003). The "narrow category of cases" that warrant adjudication of such a claim on direct appeal involve a defendant who (a) has new counsel on appeal, and (b) argues no ground of ineffectiveness not fully developed in the trial record. *United States v. Williams*, 205 F.3d 23, 35 (2d Cir. 2000).

Schluter contends that his trial counsel was ineffective for failing to ensure that the court issued a limiting instruction cabining the jury's consideration of the plea colloquy to counts one and two (production and possession of child pornography). Assuming, *arguendo*, that such an instruction would have been otherwise appropriate if requested, adjudication of this claim is premature because the record is insufficiently developed. Among other issues, Schluter's trial counsel has not had an opportunity to explain why he approved of the plea colloquy instruction despite it not directing the jury not to consider the evidence in the context of count three (transportation of a minor). This testimony may be outcome–determinative given that matters of trial tactics and strategy are "'virtually unchallengeable' absent exceptional grounds for doing

5

so." *United States v. Cohen*, 427 F.3d 164, 170 (2d Cir. 2005) (quoting *United States v. Gaskin*, 364 F.3d 438, 468 (2d Cir. 2004)); *see also Bell v. Cone*, 535 U.S. 685, 698 (2002). We accordingly decline to hear Schluter's ineffective assistance claim, without prejudice to his raising it as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.

*      *      *

We have considered Schluter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6